## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dea'Shawn Victor Harrison,<br><br>　　　　Plaintiff,<br>　v.<br><br>Mr. Phyall, *et al.*,<br><br>　　　　Defendants. | C/A: 9:23-cv-3621-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 17) of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

**I.   Background and Relevant Facts**

Plaintiff, proceeding pro se and in forma pauperis, is a pretrial detainee and brings the instant action alleging Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983. Simply put, Plaintiff claims a correctional officer filed a complaint in federal court on Plaintiff's behalf which Plaintiff did not authorize. As the Magistrate Judge notes, however, Plaintiff continues to prosecute the very case he complains about and has never asked that said case be dismissed. (Dkt. No. 17 at 5).

On July 2, 2024 the Magistrate Judge filed an R&R recommending that Plaintiff's complaint be dismissed without leave to amend. (Dkt. No. 17).

Plaintiff did not file objections to the R&R.

**II.   Legal Standards**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

### III.    Discussion

After a review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint must be dismissed for the reasons explained therein. (Dkt. No. 17 at 4-6) (noting that, correctly construed, Plaintiff alleges a denial of access to the Courts but has failed to allege any actual injury such as the "inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement"); (*Id.* at 6-7) (noting that the Fifth Amendment's due process clause applies only to federal actors and that, "[m]oreover, a claim of intentional deprivation of property by a prison

-3-

official does not state a constitutional due process claim, provided that the prisoner has access to an adequate post-deprivation remedy" as is the case here); (*Id.* at 8) (explaining why the Court would decline to exercise supplemental jurisdiction over remaining state law claims).

## IV.    Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 17) as the Order of the Court and **DISMISSES** the instant action without leave to amend and without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

July 22, 2024
Charleston, South Carolina